## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In Re: ROCOR INTERNATIONAL, INC., | ) | Bankruptcy Court Case No. 02-17658WV |
| | ) | Chapter 11 |
| Debtor, | ) | |
| | ) | Adv. No. 04-1270WV |
| ROCIN LIQUIDATION ESTATE, | ) | Appellate Case No. WO-06-012 |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | District Court Case No. CIV-06-321-M |
| | ) | |
| PAN AMERICAN LIFE INS., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

## ORDER

In this appeal from the United States Bankruptcy Court for the Western District of Oklahoma, appellant, Rocin Liquidation Estate (the "Estate"), contends the Bankruptcy Court erred in granting appellee, Pan-American Life Insurance Company's ("Pan-American") motion for summary judgment.

I.  INTRODUCTION[1]

On July 15, 2002, Rocor International, Inc. (the "debtor" also referred to as "Rocor") submitted an application for group health insurance to Pan-American Life Insurance Company ("Pan-American") for Rocor's employees/independent contractors. With the application, Rocor also submitted a check payable to Pan-American in the amount of $67,610.66 as payment for two months' premiums on the insurance coverage sought. The check was honored by the drawee bank on July 24, 2002.

On August 5, 2002, Rocor filed a voluntary Chapter 11 Bankruptcy petition. The Estate

---

[1]The essential facts are undisputed.

brought an adversary action seeking to avoid the Rocor's payment to Pan-American as a preference

pursuant to 11 U.S.C. § 547(b). Pan-American denies that the payment was a preference and asserts

that, even if it were, it is not avoidable because it was a contemporaneous exchange for new value

under 11 U.S.C. § 547(c). The parties filed cross-motions for summary judgment. The Bankruptcy

Court determined that the payment was not for or on account of an antecedent debt and, thus, not

avoidable and granted summary judgment in favor of Pan-American. The Estate appealed. The

issues presented for review are:

> A.    Whether the Bankruptcy Court erred by holding that transfers by check were made on the date of delivery, rather than the date of honor by the drawee, for purposes of avoiding preferential transfers pursuant to 11 U.S.C. § 547(b)(2).
> B.    Whether the Bankruptcy Court erred in its legal conclusion that insurance coverage provided to independent contractors or employees (and not to the debtor) constitutes new value given "to the debtor" as required by the "contemporaneous exchange defense" found in 11 U.S.C. § 547(c)(1).
> C.    Whether the Bankruptcy Court erred by finding that the insurance coverage was provided to the Debtor's employees rather than its independent contractors.[2]
> D.    Whether the Bankruptcy Court erred by finding that the alleged new value was a complete defense even though Pan American provided no evidence of the specific measure of the alleged new value.

Appellant's Opening Brief at 1-2.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* bankruptcy court orders granting summary judgment, applying

the same legal standards used by the bankruptcy court. *In re Star-Tech Int'l Corp.*, 47 F.3d 1054,

---

[2]Appellant makes much of the fact that the Bankruptcy Court found the insurance coverage was provided to employees rather than to independent contractors. However, Appellant has failed to show how this distinction impacts the analysis of the issues in this case. As such, the Court will not disturb the Bankruptcy Court's finding of facts on this point.

1057 (10th Cir. 1995).  "Summary Judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*

III.   DISCUSSION

   A.   Avoidable Preference

   Section 547 (b) of the Bankruptcy Code provides, in pertinent part:

> (b)   Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property–
> (1)   to or for the benefit of a creditor;
> (2)   for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3)   made while the debtor was insolvent;
> (4)   made–
>    (A)   on or within 90 days before the date of the filing of the petition; or
>    (B)   between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5)   that enables such creditor to receive more than such creditor would receive if–
>    (A)   the case were a case under chapter 7 of this title;
>    (B)   the transfer had not been made; and
>    (C)   such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

   Title 11 U.S.C. § 101(54) defines "transfer" as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption." 11 U.S.C. § 101(54). "'What constitutes a transfer and when it is complete' is a matter of federal law." *Barnhill v. Johnson*, 503 U.S. 393, 397-98 (quoting *McKenzie v. Irving Trust Co.*,

3

323 U.S. 365, 369-370 (1945)).

The only disputed element of the Estate's preference claim is the second (i.e. that the transfer was made for or on account of an antecedent debt).  The parties do not dispute the Bankruptcy Court's finding that the debt was incurred on July 15, 2002.  As such, the Court's analysis of this issue hinges on whether the transfer was deemed to have been made on July 15, 2002, when the check was delivered to Pan American, or on July 24, 2002, when the check was honored by the drawee bank.  If the latter, the check was paid for or on account of an antecedent debt.

Relying on the Fifth Circuit's decision in *Southmark Corp. v. Marley*, 62 F.3d 104 (5th Cir. 1995), the Bankruptcy Court determined that (1) in check transactions, state law governs the relative rights of the parties; (2) under Oklahoma's version of the Uniform Commercial Code ("UCC") payment by a personal check suspends the obligation until the check is dishonored, paid or certified, and  payment or certification results in discharge of the obligation to the extent of the amount of the check; and (3) this obligation was thus suspended upon the giving of the check on July 15, 2002, and, as such, when the check was paid nine days later the debt and the transfer occurred simultaneously; therefore, the payment was not on behalf of an antecedent debt.

The Bankruptcy Court's holding limits the Supreme Court's decision in *Barnhill* such that it only applies to § 547(b)(4) rather than to all of § 547(b).[3]  Pan-American urges that this Court likewise adopt the Bankruptcy Court's narrow reading of *Barnhill*.

This Court finds nothing in the *Barnhill* decision that supports the Bankruptcy Court's narrow reading of it.  In *Barnhill* a debtor's check payment of a debt on November 18 was honored

---

[3]*Barnhill v. Johnson*, 503 U.S. 393 (1992) (affirming *In re Antweil*, 931 F.2d 689 (10th Cir. 1991)).

on November 20, the 90th day before the debtor filed a bankruptcy petition.  The trustee of the bankruptcy estate filed an adversary proceeding against the creditor claiming that the payment was recoverable under § 547(b).  The Supreme Court explained that the definition of "transfer" in the bankruptcy code includes references to parting with property and that, "in the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law." *Barnhill,* 503 U.S. at 398.  Although the Supreme Court acknowledged that, under the UCC,[4] payment by check suspends an obligation and, should the drawee bank refuse to honor the check, a cause of action against the drawer of the check accrues to the recipient of the check such that they may maintain an action on either the check or the obligation, the Supreme Court found that no transfer of the debtor's interest in property, conditional or unconditional, had occurred before the date the check was honored, November 20, since "receipt of a check gives the recipient no right in the funds held by the bank on the drawer's account." *Id*. at 398-99.  This is because "[m]yriad events can intervene between delivery and presentment of the check that would result in the check being dishonored.  The drawer could choose to close the account.  A third party could obtain a lien against the account by garnishment or other proceedings.  The bank might mistakenly refuse to honor the check." *Id*. at 399.  Finally, the Supreme Court held that for the purposes of § 547(b) involving payment by ordinary check, a "transfer" occurs on the date of honor, and not before. *Id*. at 399-402.[5]

---

[4]*Barnhill* involved New Mexico's version of the UCC; however, that statute is the same as Oklahoma's version in all respects relevant to the Court's analysis of this issue.

[5] This Court finds persuasive (1) the fact that the *Barnhill* court considered the fact that an obligation is suspended under the UCC once the check has been handed over, but found that although the debtor's obligation *to pay* the debt was suspended *pro tanto*, there was no transfer of the debtor's interest in property until the check was honored, *Barnhill*, 503 U.S. at 398, and (2) the Supreme Court's statements acknowledging the "date of delivery" rule applicable to check payments under § 547(c) and stating that it saw no basis for concluding that it should adopt such a rule for §

For the foregoing reasons, the Court declines to limit the holding in *Barnhill* as the Bankruptcy Court did.  Accordingly, the Court will apply the "date of honor" rule to the facts of this case.  Having reviewed the parties' submissions, the Court finds that the payment was for or on account of an antecedent debt.  Specifically, the Court adopts the Bankruptcy Court's undisputed finding that the debt was incurred on July 15, 2002, when Rocor became legally obligated to pay it.  The Court finds that the payment did not occur until July 24, 2002, when the check was honored by the drawee bank.

B.     Pan-American's § 547(c)(1) Defense

Section 547(c) of the Bankruptcy Code provides, in pertinent part:

> (c)     The trustee may not avoid under this section a transfer–
>> (1)     to the extent that such transfer was–
>>> (A)     intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
>>> (B)     in fact a substantially contemporaneous exchange . . . .

11 U.S.C. § 547(c).

The term "new value" means "money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation."  11 U.S.C. § 547(a)(2).

The burden of proving the nonavoidability of a transfer under § 547(c) is on the party against

---

547(b), *Id.* at 401-02.

whom avoidance is sought.  11 U.S.C. § 547(g).  The Estate asserts that Pan American is not entitled to the § 547(c)(1) defense because, *inter alia*, Pan American provided no evidence of the specific measure of the alleged new value.  In *Lowrey v. U.P.G. Inc. (In re Robinson Bros. Drilling, Inc.)*, 877 F.2d 32 (10th Cir. 1989), the Tenth Circuit Court of Appeals held that a creditor seeking the protection of § 547(c)(1) "must prove the specific valuation in 'money or money's worth in goods, services, or new credit.'"  *Lowrey*, 877 F.2d at 34.  Pan American asserts that "there was evidence presented to the Bankruptcy Court of the specific measure of new value to Rocor sufficient for the Bankruptcy Court to find the presence of a complete defense [under 547(c)(1)]" and that the provision of the insurance itself was the "new value" since it constituted the consideration for the premium paid by Rocor.  Appellee's Brief-in-Chief [docket no. 18] at 19.

A transfer of "new value" by a third party to the debtor may satisfy the "new value" requirement of § 547(c).  *Rocor International, Inc. v. Alta AH&L (In re Rocor Intern., Inc.)*, 352 B.R. 319 (Bankr. W.D. Okla. 2006) (citing *Jones Truck Lines, Inc. v. Central States, Southeast, and Southwest Areas Pension Fund (In re Jones Truck Lines, Inc.*, 130 F.3d 323, 327 (8th Cir. 1997) (that the "new value" came from the employees rather than directly from the creditor was irrelevant to the court).  Although the value may come from a third party, in this case the independent contractors/employees, the value must substantially approximate the amount transferred by the debtor.

Despite Pan-American's contrary assertion, the Court finds that the provision of the insurance itself does not constitute the "new value" because it was not provided to the debtor.  Rather, the Court finds, as the Bankruptcy Court acknowledged in dicta in its Memorandum Opinion, the "new value" in this case is the continued service of the debtor's employees/independent

contractors.  *See* Memorandum Opinion at 167 attached to Appellant's Opening Brief.  Having reviewed the parties' submissions and the record on appeal, the Court finds that Pan American has failed to establish that the value substantially approximated the amount transferred by the debtor. Specifically, the Court finds that Pan American presented no evidence of the specific value in "money or money's worth in goods, services, or new credit" of the debtor's independent contractors/employees continued services.  Further, the Court finds that Pan American presented no evidence that the value of the continued service of the debtor's employees substantially approximated the $67,610.66 transferred to it by the debtor.  Accordingly, the Court finds that Pan American has failed to establish its defense under § 547(c)(1).[6]

IV.    CONCLUSION

        For the reasons set forth in detail above, the Court VACATES the Bankruptcy Court's February 17, 2006 Order granting Pan-American's motion for summary judgment and REMANDS this action for further proceedings consistent with this Order.  On remand, the Bankruptcy Court should grant the Estate's motion for summary judgment.

        **IT IS SO ORDERED this 30th day of March, 2007.**


                                        *Vicki Miles-LaGrange*
                                        VICKI MILES-LaGRANGE
                                        UNITED STATES DISTRICT JUDGE

---

[6]Because the Court finds that Pan-American did not provide specific evidence of the alleged "new value" it provided to Rocor and, therefore, failed to establish its § 547(c) defense, the Court finds it unnecessary to address the Bankruptcy Court's legal conclusion that provision of insurance coverage provided to independent contractors or employees constitutes new value given to the debtor.